**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Seckinger, | No. CV-07-2126-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| CNIC Health Solutions, Inc.; PCL Construction, Inc.; 1-5 ABC Corporations, | |
| Defendants. | |

Defendants have filed a motion to dismiss Plaintiff's amended complaint. Dkt. #17. The Court will grant the motion in part and deny it in part.

**I.     Background.**

Plaintiff Matthew Seckinger held a health insurance policy provided by his employer, PCL Construction Enterprises, Inc., and administered by CNIC Health Solutions, Inc. *See* Dkt. #16 ¶3. On October 1, 2006, while covered by the policy, Plaintiff sustained injuries in a motor vehicle accident. *See id.* at ¶8. On October 15, 2006, CNIC informed Plaintiff that he was not eligible to receive reimbursement for certain medical services because CNIC believed he had been drinking at the time of the accident and "charges for services received as a result of injury occurring directly or indirectly, as a result of a serious illegal act are excluded from" the policy. Dkt. #19 Ex. A at 1. CNIC informed Plaintiff that he had the right to challenge the coverage decision on appeal. *See id.*

On January 19, 2007, Plaintiff submitted "an appeal [of] the decision made by CNIC on Mr. Seckinger's claim dated October 1, 2006[.]" *Id.* Ex. B at 1. Plaintiff conceded that

1   the policy bars coverage for illegal acts, but argued that while "[t]here's an allegation that
2   Mr. Seckinger was drinking while driving" on the day of the accident, "there has been no
3   finding that he violated the law." *Id.* Plaintiff also argued that drinking while driving does
4   not constitute "felonious behavior." *Id.*

5   On February 21, 2007, CNIC "acknowledge[d] receipt of [the] appeal regarding Mr.
6   Seckinger's medical claims resulting from his motor vehicle accident on October 1, 2006."
7   *Id.* Ex. C at 1. CNIC's letter reproduced the policy provision containing the exclusion of
8   coverage for a "serious illegal act," which is defined to include an act that would produce a
9   prison sentence of more than one year if criminally prosecuted. *Id.* This, of course, is a
10  common definition of a felony, *see* Black's Law Dictionary at 633 (7th ed. 1999) (defining
11  felony as "[a] serious crime usually punishable by imprisonment for more than one year"),
12  and Plaintiff had asserted in his appeal that his conduct was not felonious. CNIC's letter then
13  stated: "[a]ccording to the policy report, Mr. Seckinger was 'long formed' for driving under
14  the influence, a serious illegal act. Therefore, claims in connection with his motor vehicle
15  accident injuries are not a covered benefit." Dkt. #19 Ex. C at 1.

16  Plaintiff asserts that he sent a subsequent letter to CNIC, dated March 6, 2007, in
17  which he sought copies of all relevant documents and other information relied on in denying
18  his claims. *Id.* Ex. D at 1. On May 4, 2007, Plaintiff wrote again to CNIC, noting that he
19  had received no response. *Id.* Ex. E at 1. CNIC asserts that it did not receive Plaintiff's
20  March 6 letter. *See* Dkt. #17. On May 14, 2007, CNIC provided copies of documents relied
21  on to deny the claim. Dkt. #19 Ex. F at 1.

22  Plaintiff then filed this lawsuit. *See* Dkt. #1 Ex. 1. Plaintiff's amended complaint
23  alleges that Defendants breached their fiduciary obligations under the Employee Retirement
24  Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, by refusing to pay
25  Plaintiff's medical bills. *See* Dkt. #16. Defendants urge the Court to dismiss the amended
26  complaint on two grounds: (1) Plaintiff failed to exhaust his administrative remedies before
27  seeking relief in federal court, and (2) Plaintiff cannot obtain his claimed benefits through
28  an ERISA breach of fiduciary duty claim. *See* Dkt. #17.

## II. Legal Standards.

"[T]he failure to exhaust nonjudicial remedies . . . should be treated as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion[.]" *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). This aspect of Defendants' motion will therefore be addressed under traditional Rule 12(b) principles.

Defendants also assert that Plaintiff cannot obtain policy benefits through a breach of fiduciary duty claim. A court may dismiss a complaint for failure to state a claim if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citation omitted). When analyzing a complaint for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). The Court must also assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994) (citations omitted).

## III. Exhaustion of Administrative Remedies.

CNIC's November 15, 2006, denial of coverage advised Plaintiff of his right to appeal. On January 19, 2007, Plaintiff submitted a letter to CNIC that stated, in the first sentence, that it was "an appeal" of the claim decision. *See id.* Ex. B at 1. The letter challenged CNIC's conclusion that Plaintiff committed an illegal act and therefore was barred from receiving coverage for medical bills related to the act. In addition to asserting that Plaintiff had not been found guilty of an illegal act, the letter asserted that drinking and driving was not felonious behavior. *Id.*[1]

---

[1] According to Defendants, "plaintiff alleges he appealed and the plan did not rule on his appeal." Dkt. #17 at 2. Plaintiff does state in his amended complaint that CNIC "failed to rule on the appeal," Dkt. #16 ¶14, but he asserts in his response that CNIC "denied the appeal on February 21, 2007," Dkt. #19 at 2 (citing *id.* Ex. C). In ruling on Defendants' exhaustion argument, the Court must determine what actually occurred.

1    On February 21, 2007, CNIC "acknowledge[d] receipt of [Plaintiff's] appeal," *id.* Ex.
2    B at 1, thus confirming that the January 19, 2007 letter was an appeal of the November 15,
3    2006, benefit determination. CNIC then clearly rejected the merits of Plaintiff's appeal.
4    CNIC quoted the policy language that governed its decision, including the definition of a
5    "serious illegal act" – which requires conduct tantamount to a felony – and asserted that
6    Plaintiff "was 'long formed' for driving under the influence, a serious illegal act." *Id.* This
7    determination effectively rejected Plaintiffs arguments that he had not been found guilty of
8    anything and that his conduct could not be considered felonious. The letter then stated its
9    conclusion: "[t]herefore, claims in connection with [Plaintiff's] motor vehicle accident
10   injuries are not a covered benefit." *Id.* The letter clearly ruled on Plaintiff's appeal.

11   Defendants contend that Plaintiff's appeal letter discussed an outdated version of the
12   policy and therefore failed to exhaust his administrative remedies. *See* Dkt. #21. But
13   Defendants have cited no authority suggesting that the appeals process restarts or is
14   incomplete where a plan participant submits an appeal based on an incorrect citation to the
15   plan. Nor have Defendants explained how reliance on different policy language in this case
16   might change the nature of Plaintiff's appeal or Defendants' ruling on it. Plaintiff's appeal
17   presented arguments that went directly to the terms of the exclusion Defendants were relying
18   on, and Defendants' response to the appeal rejected those arguments. The Court concludes
19   that Plaintiff exhausted his administrative remedies. The fact that Plaintiff subsequently
20   sought to obtain information through the March 6 and May 4 letters does not change the fact
21   that Defendants clearly denied Plaintiff's appeal.

22   **IV.     Breach of Fiduciary Duty.**

23   Defendants contend that the amended complaint demands improper relief under
24   ERISA. *See* Dkt. #17. In particular, Defendants argue that ERISA contains an exclusive
25   remedy to obtain plan benefits in court – 29 U.S.C. § 1132(a)(1)(B) – and Plaintiff therefore
26   cannot seek an award of benefits through the fiduciary duty provision found in 29 U.S.C.
27   § 1109. But Plaintiff's amended complaint does not cite specifically to § 1109 or any other
28   part of ERISA. True, the inartfully drafted claim is labeled "breach of fiduciary duty," but

1  it clearly identifies what Plaintiff seeks: "pay for Seckinger's outstanding medical bills."
2  Dkt. #16 at 3. Plaintiff's complaint thus gives Defendants fair notice that he seeks an award
3  of benefits under ERISA. Construing the complaint in a manner consistent with Rule 8's
4  notice pleading requirement, the Court cannot say that "it appears beyond doubt that the
5  plaintiff can prove no set of facts in support of his claims which would entitle him to relief."
6  *Barnett*, 31 F.3d at 816. The Court therefore will not dismiss the amended complaint for
7  Plaintiff's failure to state a claim upon which relief may be granted.

8  Defendants assert that Plaintiff may not obtain a 20% civil penalty for violations of
9  ERISA. *See* Dkt. #17. Plaintiff does not respond to this argument. *See* Dkt. #19.
10 Extracontractual or punitive damages are not available under ERISA. *Bast v. Prudential Ins.*
11 *Co. of Am.*, 150 F.3d 1003, 1009 (9th Cir. 1998); *see also Massachusetts Mut. Life Ins. Co.*
12 *v. Russell*, 473 U.S. 134, 144 (1985). As Defendants note, Plaintiff appears to be seeking a
13 civil penalty under 29 U.S.C. § 1132(l). *See* Dkt. #17. This provision authorizes the
14 Secretary of Labor, not plan participants, to obtain civil penalties for a breach of fiduciary
15 obligations. *Mertens v. Hewitt Associates*, 948 F.2d 607, 611 (9th Cir. 1991). The Court
16 therefore will dismiss the amended complaint to the extent that it seeks civil penalties under
17 ERISA.

18 **IT IS ORDERED:**

19 1. Defendants' motion to dismiss (Dkt. #17) is **granted in part and denied in**
20    **part**. The motion is granted with respect to Plaintiff's claim for a civil penalty
21    under ERISA and is denied in all other respects.
22 2. The Court will schedule a Rule 16 Case Management Conference by separate
23    order.

24 DATED this 19th day of February, 2008.

*David G. Campbell*
David G. Campbell
United States District Judge